IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NADINE JONES and MARCUS GRANT )
)
        Plaintiffs, ) No. 12-cv-5283
)
v. ) Jeffrey T. Gilbert
) Magistrate Judge
CHARLES WALTERS, JERRY SCAIFE, )
JAMES CARTER, SHARMAUN )
FREEMAN, KEVIN SELLERS, GUSTAVO )
CORONA, MARKEE COOPER, )
RODERICK WATSON, and THE CITY )
OF CHICAGO, )
)
        Defendants. )

**MEMORANDUM OPINION AND ORDER**

**I. BACKGROUND**

Plaintiffs Nadine Jones and Marcus Grant sued the City of Chicago and nine members of the Chicago Police Department – "CPD" for short. [ECF No. 8.] Those nine police officers, who we will call "Defendant Officers," are Charles Walters, Jerry Scaire, James Carter, Sharmaun Freeman, Kevin Sellers, Gustavo Corona, Markee Cooper, and Roderick Watson. *Id.* Plaintiffs allege that, on March 31, 2011, Defendant Officers and other unnamed Chicago police officers burst into Plaintiffs' apartment without knocking or displaying a warrant. *Id.* ¶ 4. After Defendant Officers entered the apartment, Plaintiffs allege they "intentionally touched . . . Nadine Jones[] about her body and limbs, handcuffed her, [and] pulled down clothing and underwear without her consent or permission." *Id.* ¶ 5. Plaintiffs allege they also intentionally touched Grant about his body and limbs and handcuffed him without his consent or permission.

*Id.* ¶ 6. According to Plaintiffs, there was no probable cause to search or arrest them and they were not actually arrested. *Id.* ¶¶ 7, 8.

Based on these allegations, Plaintiffs filed a four-count complaint, alleging a violation of their civil rights (Count I), false imprisonment (Count II), intentional infliction of emotional distress (Count III), and battery (Count IV). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 42.] Currently, this matter is set for a one-week jury trial beginning on June 20, 2016. [ECF No. 54.]

In anticipation of the approaching trial, Plaintiffs have filed six motions *in limine* [ECF No. 58] and Defendants have filed five motions *in limine* [ECF No. 57]. For the reasons stated below, these motions are granted in part, denied in part, reserved in part, and remain under advisement in part.

## II. LEGAL STANDARD

The district court has the inherent authority to manage the course of a trial. *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). The court may exercise this power by issuing an evidentiary ruling in advance of trial. *Id.* A party may seek such a ruling by filing a motion *in limine*, which requests the court's guidance on what evidence will (or will not) be admitted at trial. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). Prudent motions *in limine* serve a gatekeeping function by allowing the judge "to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). By defining the evidentiary boundaries, motions *in limine* both permit "the parties to focus their preparation on those matters that will be considered by the jury," *id.*, and help ensure "that trials are not interrupted mid-

2

course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

As with all evidentiary matters, the court has broad discretion when ruling on motions *in limine*. *United States v. Ajayi*, 2015 WL 8538025, at *5 (7th Cir. Dec. 11, 2015); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Moreover, the court can change its ruling at trial, "even if nothing unexpected happens[.]" *Luce*, 469 U.S. at 41. Rulings *in limine* are speculative in effect; essentially, they are advisory opinions. *Wilson*, 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part).

The court will grant a motion *in limine* to bar evidence only where that evidence is clearly inadmissible for any purpose. *Taylor v. Union Pac. R. Co.*, 2010 WL 5421298, at *1 (S.D. Ill. Dec. 27, 2010). This is a high standard. *Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007). The moving party bears the burden of establishing clear inadmissibility. *Euroholdings Capital & Inv. Corp. v. Harris Trust & Sav. Bank*, 602 F. Supp. 2d 928, 934 (N.D. Ill. 2009). If the moving party cannot satisfy her burden, the evidentiary ruling should be deferred until trial. *Green v. Goodyear Dunlop Tires N. Am., Ltd.*, 2010 WL 747501, at *1 (S.D. Ill. Mar. 2, 2010). That is because, at trial, the court will have the benefit of understanding "the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011).

### III. DISCUSSION

**A. Plaintiffs' Motions *In Limine***

#### 1. Plaintiffs' Motion *In Limine* No. 1 To Bar Evidence Of Fights Between Grant and Jones

Plaintiffs have moved to bar evidence of Grant and Jones' many fights (verbal and physical). [ECF No. 58, at 1.] Plaintiffs assert that such evidence should be precluded because

3

the fights are irrelevant and prejudicial to Plaintiffs, which means the evidence should be barred under Federal Rules of Evidence 401 and 403. The merits of this argument need not be addressed because Defendants represent that they do not intend to offer any such evidence at trial unless Plaintiffs "open the door." [ECF No. 60, at 1.] Therefore, Plaintiffs' Motion *in Limine* No. 1 is granted. As with all motions *in limine*, the Court may revisit this ruling during trial. Specifically, if Plaintiffs open the door at trial and Defendants then seek to introduce evidence of the fights, the Court will consider at that time whether the proffered evidence should be admitted.

2. **Plaintiffs' Motion *In Limine* No. 2 To Bar Evidence Of Grant's Arrest for Domestic Battery of Jones**

Plaintiffs have moved to bar evidence of Grant's arrest for domestic battery of Jones. [ECF No. 58, at 1.] According to Plaintiffs, the charges related to this arrest eventually were dropped. *Id.* Plaintiffs assert that evidence related to this arrest is impermissible bad act evidence, immaterial, irrelevant, and prejudicial. *Id.* If Plaintiffs are correct, the evidence would be barred by Federal Rules of Evidence 401, 403, and 404. The merits of Plaintiffs' argument need not be addressed now because, as with Plaintiffs' first motion *in limine*, Defendants represent that they do not intend to offer at trial any evidence of this arrest, unless Plaintiffs "open the door." [ECF No. 60, at 1.] Therefore, Plaintiffs' Motion *in Limine* No. 2 is granted. Again, the Court may revisit this issue if Plaintiffs open the door at trial and Defendants seek to introduce evidence of this arrest.

3. **Plaintiffs' Motion *In Limine* No. 3 To Bar Evidence Of Grant's Pre-2007 Arrests For Cocaine Delivery and Marijuana Possession**

Plaintiffs have moved to bar evidence of Grant's pre-2007 arrests for cocaine delivery and marijuana possession. [ECF No. 58, at 1.] The reference to Grant's arrest for cocaine

4

delivery may relate to a 1995 arrest for possession of a controlled narcotic substance. [ECF No. 60, at 2.] According to Defendants, a conviction resulted from this arrest. *Id.* Grant appears to have been arrested for cannabis possession three times, once in 1996, once in 2001, and once in 2006. *Id.* at 2-3. Convictions resulted from two of these incidents. *Id.* at 3.

Defendants concede that they will not seek to admit evidence of the 1996 cocaine-related arrest and the 1996 and 2001 cannabis-possession arrests. *Id.* Defendants argue, though, that they should be permitted to introduce the conviction stemming from the 2006 arrest. Plaintiffs contend that Federal Rule of Evidence 404(b)(1) bars Defendants from doing so. In response, Defendants assert that the conviction is admissible under Federal Rule of Evidence 609(a)(1).

It is not clear whether 609(a)(1) is the applicable provision for this conviction. Rule 609(a)(1) applies to convictions that are not more than 10 years old. But Rule 609(b) applies when more than 10 years have passed since the conviction or release from confinement for it, whichever is later. The 2006 cannabis arrest resulted in a conviction on May 12, 2006. Defendants represent that Grant was sentenced to one year in the Illinois Department of Corrections for that crime and was given credit for time served between his arrest and conviction dates. [ECF No. 60, at 4.] Defendants also represent that this sentence was to run consecutive to a three-year sentence for another crime. *Id.*

What Defendants do not say is when Grant actually was released from his confinement for the cannabis conviction. That means the record before this Court currently shows: (1) Grant was convicted on May, 12, 2006, and (2) he was released at some unknown, later date. The dates can be important because, in this circuit, the Rule 609(b) ten-year clock starts to run on the later of Grant's date of conviction or release from physical confinement, and ends when the trial starts. *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008). In light of the currently

5

scheduled start date for this trial, June 20, 2016, it is not clear from the record now before this Court what subsection of Rule 609 applies. If Grant was not released until after June 20, 2006, then 609(b) would apply; if he was released before that date (or, for some reason, was never physically confined), then Rule 609(a)(1) would apply. Given the Court's ultimate ruling on this motion, however, it does not matter which part of Rule 609 applies.

Rule 609 incorporates a presumption that "criminals are more likely to testify untruthfully." *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992). Even Rule 609(a), though, does not require the admission of convictions that have "little, if anything, to do with credibility." *Coles v. City of Chicago*, 2005 WL 1785326, at *2 (N.D. Ill. July 22, 2005). Instead, a conviction for marijuana possession must be excluded, under Rule 609(a)(1), "if its probative value is substantially outweighed by the danger of unfair prejudice." *Romanelli v. Suliene*, 615 F.3d 847, 854 (7th Cir. 2010). Marijuana possession does not involve dishonesty or falsity. *Case v. Town of Cicero*, 2013 WL 5645780, at *1 (N.D. Ill. Oct. 16, 2013); *Jones v. Sheahan*, 2003 WL 21654279, at *5 (N.D. Ill. July 14, 2003). There are no facts related to the 2006 conviction, or at least none that have been brought to the Court's attention, that demonstrate Grant's untruthfulness. *See Williams v. City of Chicago*, 2015 WL 410699, at *2 (N.D. Ill. Jan. 30, 2015) ("Defendants have offered nothing that persuades us that the degree of the probative value is anything other than limited.") And the conviction stems from conduct that occurred more than 10 years ago. Therefore, the only potential probative value of this conviction is the minimal baseline built into Rule 609.

On the other side of the balance, admission of the conviction could cause substantial unfair prejudice. The Seventh Circuit has recognized that, "[f]requently, evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness'

testimony." *United States v. Galati*, 230 F.3d 254, 262 (7th Cir. 2000) (internal quotation marks omitted). Of course, it is not difficult to imagine that jurors often speculate that use follows possession. Moreover, the fact that this case involves a police search creates a particularly strong risk of unfair prejudice. Based on the 2006 conviction, the jury could improperly speculate that Grant usually possessed drugs and, thus, excuse any police misconduct directed against him. For the same reason, the jury may be more likely to excuse an unconstitutionally invasive search or an unconstitutional search of one of Grant's associates (*i.e.* Plaintiff Jones). Such inferences would be contrary to the law and improper. Thus, the risk of unfair prejudice is substantial. Because the risk of unfair prejudice substantially outweighs the probative value of the conviction that is more than 10 years ago, it must be excluded. *See Townsend v. Benya*, 287 F. Supp. 2d 868, 874 (N.D. Ill. 2003); *United States v. Smith*, 181 F. Supp. 2d 904, 909 (N.D. Ill. 2002).

Plaintiffs' Motion *in Limine* No. 3 is granted.

4. **Plaintiffs' Motion *In Limine* No. 4 To Bar Evidence Of Grant's 2011 Arrest For Unlawful Use Of A Weapon And Subsequent Imprisonment**

Plaintiffs have moved to bar evidence of Grant's arrest, in 2011, for unlawful use of a weapon and evidence of his subsequent two-year imprisonment while awaiting trial. [ECF No. 58, at 2.] Defendants provided some additional information about this arrest. On October 6, 2011, Grant was arrested in Chicago for aggravated assault, unlawful use of a weapon, resisting arrest, and aggravated discharge of a firearm. [ECF No. 60, at 4-5.] Both parties agree that Grant was acquitted of the charges related to that arrest. [ECF No. 58, at 2; ECF No. 60, at 5.] Plaintiffs assert that evidence related to the arrest or the subsequent imprisonment is impermissible bad act evidence, immaterial, and irrelevant. [ECF No. 58, at 2.] If Plaintiffs are correct, the evidence would be barred by Federal Rules of Evidence 401 and 404. The merits of

7

this argument need not be addressed because Defendants represent that they will not seek to offer at trial any evidence of Grant's 2011 arrest, unless Plaintiffs "open the door." [ECF No. 60, at 5.] The Court may revisit this issue if Plaintiffs open the door at trial and Defendants seek to introduce evidence related to the 2011 arrest.

Defendants do not address the portion of Plaintiffs' motion that seeks to bar evidence of Grant's incarceration while awaiting trial. Their failure to respond justifies granting the motion with respect to the imprisonment. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Even if Defendants actively opposed this part of Plaintiffs' motion, however, they likely would have been unsuccessful. Evidence of imprisonment is not a conviction that could be admissible under Federal Rule of Evidence 609. Indeed, such evidence appears to be irrelevant to this entire case. Because the issue of relevance is not raised by the present motions, the Court need not say more.

Plaintiffs' Motion *in Limine* No. 4 is granted.

### 5. Plaintiffs' Motion *In Limine* No. 5 To Bar Evidence Of Jones' Forgery And Domestic Battery

Plaintiffs have moved to bar evidence of Jones' "convictions" for forgery and domestic battery. [ECF No. 58, at 2.] Plaintiffs state that the forgery occurred in "approximately" 2001 and the domestic battery in "approximately" 2010. *Id.* According to Plaintiffs, Jones pled guilty to both. Plaintiffs claim that evidence of both "convictions" is barred by Federal Rules of Evidence 401 and 404(b)(1).

It is not clear whether Jones was convicted of domestic battery. Defendants say they found a 2009 arrest for domestic battery in Jones' CPD criminal history report. [ECF No. 60, at 6.] They also say, however, it is not clear whether she pled guilty to that charge or her bond was forfeited. *Id.* Regardless, Defendants represent that they will not seek to admit evidence related

8

to the domestic battery incident, unless Plaintiffs "open the door." *Id.* at 6, 8. Therefore, the motion is granted with respect to any domestic battery conviction, and the Court can address during the trial any door-opening issues that arise.

Defendants are not so accommodating when it comes to the forgery conviction. This conviction stems from a 2001 arrest for forging checks. *Id.* at 6. Defendants represent that Jones pled guilty to violating 720 ILL. COMP. STAT 5/17-3(a)(2). *Id.* This is a Class 3 felony and Jones was sentenced to 24 months of probation. *Id.* Plaintiffs do not contend otherwise. The record is silent as to the date Jones was convicted. That means the Court cannot determine how much time has passed since the conviction.

Defendants concede this is an old conviction that is admissible under Rule 609(b), even if it is probative of truthfulness, only when "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." FED. R. EVID. 609(b). As with Plaintiffs' Motion *in Limine* No. 3, notice is not an issue because this motion practice has given Plaintiffs the required notice.

Plaintiffs' credibility, of course, is central to the trial of this case. According to the allegations of the complaint, only Plaintiffs and Defendant Officers witnessed the events upon which all of Plaintiffs' claims hinge. That means there will be no non-party eyewitnesses. Further, the underlying allegations – that Defendant Officers improperly searched, seized, and touched Plaintiffs – likely will be difficult to prove by means other than eyewitness testimony. Thus, Jones' credibility likely will play a major role in this trial.

A conviction for forgery is more probative of a person's truthfulness than is a conviction for drug possession. A person violates 720 ILL. COMP. STAT 5/17-3(a)(2), and commits the crime

9

of forgery, when she "with intent to defraud, . . . knowingly . . . issues or delivers [a false document] knowing it to have been thus made or altered . . . ." 720 ILL. COMP. STAT. 5/17-3(a)(2). This is a crime of dishonesty. *See United States v. Byrd*, 771 F.2d 215, 219 (7th Cir. 1985) ("[T]he crime of forgery involves dishonesty[.]"). A conviction for such a crime potentially is probative of someone's truthfulness because an "essential characteristic" of such a crime is that the offender "acting in a calculated and deliberate manner, has committed acts of falsification for the very purpose of deceiving." *United States v. Cameron*, 814 F.2d 403, 406 (7th Cir. 1987).

Apparently, Jones pled guilty to intentionally defrauding someone and knowingly using false documents. At least potentially, therefore, the conviction may be probative of her truthfulness. But even crimes that "could involve dishonesty or [a] false statement," including mail fraud and forgery, may have limited probative value because of their age, and, consequently, be barred. *United States v. McCarroll*, 1996 WL 99442, at *11 (N.D. Ill. Mar. 5, 1996) (barring evidence of twelve-year-old convictions for mail fraud and forgery). *See also United States v. Sparks*, 2012 WL 5878094, at *2 (S.D. Ind. Nov. 20, 2012) (excluding a twenty-six-year-old perjury conviction); *Miller v. Illinois Dept' of Transp.*, 2012 WL 2922690, at *5 (S.D. Ill. July 17, 2012) (noting that evidence of a theft that was more than twenty-years-old has "little probative value" even in a case where the "plaintiff's credibility will be important at trial).

Federal Rule of Evidence 609(b) only permits the admission of a conviction that is more than ten-years-old if "its probative value, *supported by specific facts and circumstances*, substantially outweighs its prejudicial effect." FED. R. EVID. 609(b)(1) (emphasis added). As a general rule, this standard is "dramatically skewed in favor of excluding the conviction evidence." *Horvath v. W. Bend Mut. Ins. Co.*, 534 F. App'x 552, 553 (7th Cir. 2013). Rule

609(b) cannot be cast aside in civil rights cases, which "often pit unsympathetic plaintiffs-criminals, or members of the criminal class . . . against the guardians of the community's safety, yet serve an essential deterrent function." *Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990) (internal quotation marks omitted). The Court must be "mindful of [its] duty to ensure that this class of civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them." *Id.*

At this time, the Court does not know any of the specific facts and circumstances underlying Jones' forgery conviction. Further, although neither party argues the conviction is less than 10 years old, the Court does not know the precise date of the conviction. As a result, the Court is unable to weigh the probative value of this evidence under the standard set in Rule 609(b). In light of the inadequacies in the record now before the Court, Plaintiffs' motion with respect to Jones' forgery conviction will remain under advisement. The parties should be prepared to address this issue in more detail at the pre-trial conference.

### 6. Plaintiffs' Motion *In Limine* No. 6 To Bar Evidence Related To A Confidential Informant

Some factual background is necessary before the substance of Plaintiffs' Motion *in Limine* No. 6 can be addressed. This background is taken from Plaintiffs' description of the deposition of Defendant Officer Charles Walters, a copy of which was not provided to the Court with Plaintiffs' motion. Defendants did not dispute Plaintiffs' characterization of the facts.

Defendant Officer Walters was the affiant for a search warrant for Grant's residence. It should be noted that the parties may dispute whether such a search warrant was ever issued. Walters' affidavit was based on a confidential informant's supposed purchase of narcotics at Grant's residence. But, based on advice of counsel, Walters did not disclose the name of the informant. Plaintiffs now seek to bar (1) the confidential informant from testifying at trial, (2)

11

Defendant Walters from testifying about any drug purchases at Grant's residence, and (3) Defendant Walters from testifying about any conversations with the confidential informant regarding those purchases. [ECF No. 58, at 2.]

Plaintiffs' basis for barring the confidential informant from testifying is that Defendants failed to disclose his or her identity during discovery. *Id.* Defendants say the confidential informant's identity is protected by a privilege, citing *Roviaso v. United* States, 353 U.S. 53, 60 (1957). Whether or not that is true in this case, Defendants represent they do not intend to call the confidential informant as a witness because they still do not want to reveal the informant's identity. [ECF No. 60, at 9.] Accordingly, the Court need not address the merits of this part of Plaintiffs' motion: Defendants cannot call the confidential informant as a witness at trial.

Plaintiffs also seek to preclude Defendant Officer Walters from testifying about drug purchases by the confidential informant at Grant's residence or conversations about that subject. [ECF No. 58, at 2.] Again, the basis for this request is Defendants' failure to identify the confidential informant during discovery. *Id.* Plaintiffs devote one short paragraph of their motion in limine to this argument. [ECF No. 58, at 2.] The Court cannot determine from Plaintiffs' sparse argument that the evidence would be inadmissible for any purpose. *Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007) (Motion *in limine* should not be granted unless evidence is inadmissible for any purpose). Defendants argue that evidence of Defendant Officer Walter's conversations with the confidential informant would be admissible for some permitted purposes. [ECF No. 60, at 9.] Plaintiffs do not respond to that argument. The Court has serious concerns regarding whether Defendants should be allowed to testify about conversations with someone they refuse to identify and, thus, have prevented Plaintiffs from

interviewing or deposing. But this is an issue that deserves more attention than Plaintiffs or Defendants give it in their papers.[1]

Plaintiffs' Motion *in Limine* No. 6 is granted in part and reserved in part. Although the Court is not granting this motion in full, this ruling should not be construed as finding that Defendant Officer Walters' potential testimony about the confidential informant would be relevant or admissible for any purpose. The parties should be prepared to address that issue more fulsomely at the pre-trial conference.

**B. Defendants' Motions *In Limine***

**1. Defendants' Motion *In Limine* No. 1 To Bar Plaintiffs From Using Medical Terms Or Opining About Any Alleged Physical Injuries/Ailments**

Defendants have moved to bar Plaintiffs from using medical terms or opining about any alleged physical injuries and ailments. [ECF No. 57, at 1.] Defendants concede that Plaintiffs can describe their injuries in the terms that a layperson would use. *Id.* at 2. Defendants' broad reference to "opining" may seem to cover both expert and lay opinions. But the substantive portion of Defendants' brief only argues that Plaintiffs should be precluded from providing "medical or scientific testimony" and "medical opinions." *Id.* This language would seem to cover only expert, not lay, opinions.

Plaintiffs have not responded directly to Defendants' motion to bar Plaintiffs' opinions about their physical injuries and ailments. This failure, in and of itself, would merit granting Defendants' motion in this respect. *Bonte*, 624 F.3d at 466. The parties seem to be in agreement, though, because Plaintiffs only defend their ability to testify "concerning their own

---

[1] Plaintiffs cite no authority in support of their motion to bar the referenced testimony. Because they failed to develop and support this argument, the Court would be perfectly justified in ignoring it. *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999) ("We need not address those arguments which are undeveloped."). The Court, however, declines to hold that Plaintiffs have waived their objection to the referenced testimony on this basis alone.

13

observations, impressions, and sensations concerning their injuries." [ECF No. 61, at 1.] In fact, Defendants explicitly said the parties "appear to be in agreement[.]" [ECF No. 62, at 1.] Thus, Defendants Motion *in Limine* No. 1 is granted.

2. **Defendants' Motion *In Limine* No. 2 To Bar Reference To Publicized Events And/Or Other Allegations Of Police Misconduct**

Defendants have moved to bar Plaintiffs from referencing, mentioning, or discussing (for ease, we will just refer to "referencing") publicized events and other allegations of police misconduct. [ECF No. 57, at 2.] Defendants contend that such matters are irrelevant to this case and that evidence of them would be unfairly prejudicial. *Id.* at 3. Again, the substance of Defendants motion is more narrow than the all-encompassing title suggests. For one thing, Defendants are not seeking to bar Plaintiffs from referencing the allegations of police misconduct that give rise to this very case. Defendants want to preclude reference to the many recent and highly publicized police-shootings in Chicago and elsewhere that have been the subject of much media attention (including those involving LaQuan McDonald, Bettie Jones, Quintonio LeGrier, Trayvon Martin, Michael Brown, Eric Garner, and Freddie Gray). *Id.* at 2. Similarly, Defendants are moving to bar any reference to disgraced Chicago police officers who are not defendants in this case (including Jon Burge and Anthony Abbate). *Id.*

Plaintiffs have not argued that they should be allowed to reference any publicized events or other allegations of police misconduct during their opening argument, their case-in-chief, or their closing argument. In their response brief, Plaintiffs only ask to be allowed during *voir dire* to ask jurors if they are aware of "recent news events involving police officers" and if "that awareness might affect their judgment in this case." [ECF No. 61, at 1.][2] Defendants do not

---

[2] Plaintiffs also contend that they should be allowed to question potential jurors about whether they know or are related to anyone in law enforcement. [ECF No. 61, at 2.] This is unrelated to Defendants' Motion *in Limine* No. 2 and will not be ruled upon at this time.

14

seek to bar such *voir dire* questions. [ECF No. 62, at 1.] Thus, the motion is granted. The Court is not now ruling, though, that Plaintiffs can ask their desired *voir dire* questions. This issue will be discussed during the pre-trial conference.

3. **Defendants' Motion *In Limine* No. 3 To Bar Evidence Or Argument That Defendant Officers Or Other Non-Defendant Officers Violated Chicago Police Department General Orders, Rules, Or Regulations**

Defendants have moved to bar evidence or argument that Defendant Officers or other non-defendant officers violated CPD general orders, rules, or regulations. [ECF No. 57, at 3.] Defendants contend that such violations would be irrelevant. *Id.* at 3-4. Under the law of this circuit, evidence of violations of the CPD's general orders, rules, or regulations is not relevant to whether a police officer's use of force was reasonable under the Fourth Amendment. *Thompson v. City of Chicago*, 472 F.3d 444, 458 (7th Cir. 2006); *Gonzalez v. Olson*, 2015 WL 3671641, at *13 (N.D. Ill. June 12, 2015); *Bisharat v. Vill. of Niles*, 2014 WL 2514510, at *9 (N.D. Ill. June 4, 2014); *Scott v. Suelter*, 2013 WL 2181128, at *2-3 (C.D. Ill. May 20, 2013); *Ratliff v. City of Chicago*, 2012 WL 5845551, at *3 (N.D. Ill. Nov. 19, 2012); *Ratliff v. City of Chicago*, 2012 WL 5845551, at *3 (N.D. Ill. Nov. 19, 2012); *Bruce v. City of Chicago*, 2011 WL 3471074, at *13 (N.D. Ill. July 29, 2011); *Paine ex rel. Eilman v. Johnson*, 2010 WL 785400, at *1 (N.D. Ill. Feb. 26, 2010); *Delgado v. Mak*, 2008 WL 4367458, at *8 (N.D. Ill. Mar. 31, 2008). Such evidence may be relevant for other purposes, however, including to prove state law claims. *Brooks v. City of Chicago*, 2015 WL 3545386, at *5 (N.D. Ill. June 5, 2015). Though the proponent of such evidence carries a heavy burden under Rules 401 and 403. *Gonzalez*, 2015 WL 3671641, at *13; *Ratliff*, 2012 WL 5845551, at *3; *Bruce*, 2011 WL 3471074, at *2.

Plaintiffs contend that evidence of violations of general orders, rules, or regulations is admissible because Defendants pled a qualified immunity defense. That alone does not justify

15

admitting the evidence. *See Titus v. Carter*, 2011 WL 798908, at *2 (S.D. Ill. Feb. 24, 2011); *Berg v. Culhane*, 2010 WL 3420081, at *2 (N.D. Ill. Aug. 27, 2010). Plaintiffs also argue that this evidence is admissible because they are asserting a battery claim under Illinois law. Again, the mere fact that they are asserting such a claim is not sufficient to satisfy Plaintiffs' heavy burden. *See Scott v. Suelter*, 2013 WL 2181128, at *3 (C.D. Ill. May 20, 2013). Finally, Plaintiffs argue that the evidence is relevant to determining whether Defendant Officers' use of force was objectively reasonable. But, as the above case law shows, the CPD's internal policies do not establish what is objectively reasonable for constitutional purposes.

Plaintiffs have not identified a satisfactory justification for admitting evidence or permitting argument that Defendant Officers or other non-defendant officers violated CPD general orders, rules, or regulations. However, such evidence is not clearly inadmissible for all purposes, which is the standard for a motion *in limine*. *Thomas*, 514 F. Supp. 2d at 1087. For instance, although not mentioned by Plaintiffs, such evidence, under some circumstances, *may* be admissible with respect to punitive damages. (The Court need not now reach that issue because Plaintiffs have not raised it.)

Therefore, Defendants' Motion *in Limine* No. 3 is granted to the extent it bars evidence or argument in support of Plaintiffs' Section 1983 claims that Defendant Officers or other non-defendant officers violated CPD general orders, rules, or regulations. Beyond that, the motion is reserved. During the trial, if Plaintiffs intend to offer any evidence or argument implicated by this motion, they must first raise it with the Court and counsel for Defendants outside of the jury's presence. Plaintiffs must do so with sufficient advance notice to permit a considered analysis of the evidence's admissibility under Rules 401 and 403. Plaintiffs also should be

prepared to address this issue more particularly at the pre-trial conference, including with respect to the specific evidence they will seek to admit.

### 4. Defendants' Motion *In Limine* No. 4 To Bar Witness Devon Williams From Testifying

Defendants have moved to bar Devon Williams from testifying. [ECF No. 57, at 5.] According to Plaintiffs' deposition testimony, Williams is one of Grant's cousins and he spoke with Grant shortly after the incident that gives rise to this case. *Id.* Plaintiffs listed Williams in their Rule 26(a) disclosures, stating, "Devon Williams, last known address, 6001 South Morgan, Chicago, Illinois 60621, is believed to have information relating to the allegations made in the complaint and the underlying incident." [ECF No. 20, at 2.]

About five months after this disclosure, Defendants issued a deposition subpoena for Williams. [ECF No. 60, at 5.] Defendants attempted to serve the subpoena at the address provided in the 26(a) disclosures after confirming the address through Accurint. *Id.* The building at that address was vacant, so the subpoena was never served. *Id.*; ECF No. 61, at 2. Defendants represent that they requested updated contact information from Plaintiffs but received nothing. [ECF No. 60, at 5.] In the end, Defendants were not able to locate and depose Williams. Defendants do not claim that Plaintiffs' Rule 26(a) disclosures were insufficient. They only assert that Plaintiffs failed to supplement their disclosures in compliance with Rule 26(e).

Defendants note that Williams "is not a stranger to Plaintiffs" because he is Grant's cousin. *Id.* But they do not assert that Williams is under Plaintiffs' control or that Plaintiffs have tried to keep Williams from talking to Defendants. Defendants have not provided any explanation of why the fact that Williams is not a stranger to Plaintiffs matters.

There are two big problems with Defendants' argument. Most importantly, they have not provided any evidence that Plaintiffs learned where Williams actually was living after they made their Rule 26(a) disclosures. If Plaintiffs never learned where Williams lived, they did not violate Rule 26(e) by not disclosing what they did not know. It appears from Defendants' motion they believe Plaintiffs know where Williams is living. But such speculation cannot justify the sanction that Defendants seek.

It also should be noted that Defendants did not make a herculean effort to locate Williams themselves. They checked his address through one service, which confirmed what Plaintiffs said in their Rule 26(a) disclosures. Defendants did not do anything to try to find a new address for Williams. (Or, if they did, they have not told the Court about those efforts.) And Defendants never sought an order from this Court instructing Plaintiffs to help them locate Williams. They are responsible for their inaction. *See Sec. & Exch. Comm'n v. Ferrone*, --- F. Supp. 3d ---, 2016 WL 824721, at *14 (N.D. Ill. Feb. 22, 2016).

Defendants' Motion *in Limine* No. 4 is denied.

5. **Defendants' Motion *In Limine* No. 5 To Bar Evidence, Argument, Or Reference To Disciplinary Records And/Or Other Lawsuits Involving The Defendant Officers**

Defendants have moved to bar evidence, argument, or reference to Defendant Officers' disciplinary records and lawsuits that involved Defendant Officers. [ECF No. 57, at 2.] Defendants contend that such evidence, argument, or reference would be barred by Federal Rules of Evidence 403, as unfairly prejudicial, and 404(b), as character and propensity evidence. Plaintiffs do not object to Defendants' Motion *in Limine* No. 5. [ECF No. 61, at 3.] Plaintiffs only maintain that they should be able to offer such evidence if Defendants open the door by testifying that they have good disciplinary records or have not be sued before. *Id.* Thus, as Defendants noted, the parties are in agreement. [ECF No. 62, at 3.] Defendants' Motion *in*

*Limine* No. 5 is granted. If Defendants open the door at trial and Plaintiffs then seek to introduce evidence related to this motion, the Court will address that issue when it arises.

## IV. CONCLUSION

For the reasons stated above, the Court orders as follows.

(1) Plaintiffs' Motion *In Limine* No. 1 To Bar Evidence Of Fights Between Grant and Jones [ECF No. 58, at 1] is granted.

(2) Plaintiffs' Motion *In Limine* No. 2 To Bar Evidence Of Grant's Arrest for Domestic Battery of Jones [ECF No. 58, at 1] is granted.

(3) Plaintiffs' Motion *In Limine* No. 3 To Bar Evidence Of Grant's Pre-2007 Arrests For Cocaine Delivery and Marijuana Possession [ECF No. 58, at 1] is granted.

(4) Plaintiffs' Motion *In Limine* No. 4 To Bar Evidence Of Grant's 2011 Arrest For Unlawful Use Of A Weapon And Subsequent Imprisonment [ECF No. 58, at 2] is granted.

(5) Plaintiffs' Motion *In Limine* No. 5 To Bar Evidence Of Jones' Forgery And Domestic Battery [ECF No. 58, at 2] is granted in part and remains under advisement in part.

(6) Plaintiffs' Motion *In Limine* No. 6 To Bar Evidence Related To A Confidential Informant [ECF No. 58, at 2] is granted in part and reserved in part.

(7) Defendants' Motion *In Limine* No. 1 To Bar Plaintiffs From Using Medical Terms Or Opining About Any Alleged Physical Injuries/Ailments [ECF No. 57, at 1] is granted.

(8) Defendants' Motion *In Limine* No. 2 To Bar Reference To Publicized Events And/Or Other Allegations Of Police Misconduct [ECF No. 57, at 2] is granted.

(9) Defendants' Motion *In Limine* No. 3 To Bar Evidence Or Argument That Defendant Officers Or Other Non-Defendant Officers Violated Chicago Police Department

General Orders, Rules, Or Regulations [ECF No. 57, at 3] is granted in part and reserved in part.

(10)  Defendants' Motion *In Limine* No. 4 To Bar Witness Devon Williams From Testifying [ECF No. 57, at 5] is denied.

(11)  Defendants' Motion *In Limine* No. 5 To Bar Evidence, Argument, Or Reference To Disciplinary Records And/Or Other Lawsuits Involving The Defendant Officers [ECF No. 57, at 6] is granted.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 29, 2016